FILED

2016 AUG -8 PM 2: 26

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CROWLEY MARITIME CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:16-cv-1011-J-32JBT |
| v. ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Crowley Maritime Corporation ("Crowley"), through undersigned counsel, with knowledge as to its own acts and on information and belief as to the acts of all others, for its Complaint against Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), alleges as follows:

### NATURE OF ACTION

1.   By this action, Crowley seeks to recover from breach of contract damages against National Union for its failure to reimburse defense costs incurred as a result of a criminal investigation conducted by the United States Department of Justice, Antitrust Division relating to a former employee of Crowley.

### THE PARTIES

2.   Crowley is a Delaware corporation with its principal place of business in Jacksonville, Florida.

3. National Union is a Pennsylvania corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that, among other things, a substantial part of the events or omissions giving rise to the cause of action asserted herein took place in this judicial district. Venue also is proper in this Court pursuant to 28 U.S.C. § 1391 insofar as National Union does substantial business and is subject to personal jurisdiction in this judicial district.

## THE INSURANCE POLICY

6. National Union issued to Crowley an Executive and Organization Liability Insurance Policy bearing policy number 061-36-48 (the "Policy") with an initial policy period from November 1, 2007 to November 1, 2008 and an aggregate liability limit of $10 million. A true and correct copy of the Policy is attached hereto as Exhibit A. Pursuant to Endorsement No. 14 of the Policy, the "Run-off Endorsement," the Policy provides coverage for Claims made against any Insured and reported to National Union during the period from November 1, 2007 to November 1, 2013 (the "Run-Off Period") for any Wrongful Acts that took place on or before November 1, 2007, which Wrongful Acts are otherwise covered by the Policy.

7. The insuring agreements of the Policy provide, in relevant part, that National Union:

(a) "shall pay the Loss of any Insured Person arising from a Claim made against such Insured Person or any Wrongful Act of such Insured Person, except when and to the extent that an Organization has indemnified such Insured Person"; and

(b) "shall pay the Loss of an Organization arising from a Claim made against an Insured Person ... for any Wrongful Act of such Insured Person, but only to the extent that such Organization has indemnified such Insured Person."

8. The Policy defines "Loss" to include Defense Costs, which are defined by the Policy to include "reasonable and necessary fees, costs and expenses consented to by the Insurer ... resulting solely from the investigation, adjustment, defense and/or appeal of a Claim against an Insured." The Policy requires that National Union advance "any covered Defense Costs no later than ninety (90) days after the receipt by the Insurer of ... defense bills."

9. The Policy defines "Insured" to include any "Insured Person" or "Organization."

10. Crowley and each of its subsidiaries are an "Organization" as that term is defined by the Policy.

11. The Policy defines the term "Insured Person" to include any Employee of an Organization.

12. The Policy defines the term "Employee," in relevant part, as "any past, present or future employee, other an Executive of an Organization, whether such employee is in a supervisory, co-worker or subordinate position or otherwise, including any full-time, part-time, seasonal and temporary employee."

13. The Policy defines the term "Claim" to include:

(1) a written demand for monetary, non-monetary or injunctive relief;

(2) a civil, criminal, administrative, regulatory or arbitration proceeding for monetary, non-monetary or injunctive relief which is commenced by: (i)

    service of a complaint or similar pleading; (ii) return of an indictment, information or similar document (in the case of a criminal proceeding); or (iii) receipt of a notice of filing of charges; or

(3) a civil, criminal, administrative or regulatory investigation of an Insured Person:

  (i) once such Insured Person is identified in writing by such investigating authority as a person against whom a proceeding described in Definition (b)(2) may be commenced; …

14. The Policy defines "Wrongful Act" to include "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act …" by an Employee "in his or her capacity as such."

## THE DEPARTMENT OF JUSTICE, ANTITRUST CRIMINAL INVESTIGATION

15. On or about April 17, 2008, Crowley Liner Services, Inc. ("Crowley Liner"), a wholly owned subsidiary of Crowley, was served with a Search Warrant that was issued by the United States District Court for the Middle District of Florida – Jacksonville Division (the "Search Warrant"), in connection with a federal antitrust criminal investigation (the "Department of Justice Investigation"). Crowley Liner is within the Policy definition of "Organization."

16. The Search Warrant demanded and ordered that certain property, including but not limited to notes, memoranda, correspondence, reports, telephone records and address books, be seized from four specifically identified individuals, including Thomas Farmer, who at the time was a vice president of Crowley Liner and thus was an "Employee" of Crowley Liner, as that term is defined by the Policy.

17. The Search Warrant was issued based upon an affidavit executed by an agent of the Federal Bureau of Investigation and filed under seal (the "Search Warrant Affidavit"). Although both Crowley and National Union were generally aware of the existence of the Search Warrant

Affidavit since April 2008, the Search Warrant Affidavit was filed under seal, ordered by the issuing Court to be sealed, and undiscoverable until it was unsealed by the Court. The Court did not unseal the Search Warrant Affidavit until April 24, 2015, during the criminal trial of Thomas Farmer. Only then was the Search Warrant Affidavit available to Crowley and National Union.

18.     Crowley gave timely notice of the Department of Justice Investigation to National Union during the Run-Off Period. In its notice letter, Crowley informed National Union that the charges that may have led to the Department of Justice Investigation "are sealed at this point in time."

19.     Thomas Farmer retained his own counsel to defend and protect his individual interests against the Department of Justice Investigation and Crowley indemnified Mr. Farmer for Defense Costs he incurred that should have been advanced or paid to his counsel by National Union under the Policy. Crowley timely sought reimbursement of the Defense Costs advanced to Mr. Farmer's counsel and due and owing Crowley under the Policy.

## THE PARTIES' ARBITRATION

20.     Although Crowley provided National Union with the Search Warrant and advised National Union of the existence of the under-seal Search Warrant Affidavit, National Union refused to provide coverage based on the Search Warrant alone and denied coverage for Mr. Farmer's Defense Costs. Instead, National Union informed Crowley that "based upon the materials submitted to date, National Union will accept this matter as a notice of circumstances" and "[s]hould you wish to submit further information or documentation that you feel would be relevant to a determination as to coverage for this matter, please feel free to forward such information to my attention."

21.     Due to National Union's refusal to advance or otherwise pay the Defense Costs

incurred by Mr. Farmer, on March 7, 2012 Crowley was forced to institute an arbitration action against National Union (the "Arbitration").

22. Through no fault of the parties, neither Crowley nor National Union was able to obtain a copy of the under-seal Search Warrant Affidavit during the Arbitration. National Union thus explicitly recognized that the issue in the Arbitration was narrowly limited to the question of whether the documents that Crowley submitted to National Union in 2008, which did not include the Search Warrant Affidavit, qualified as a Claim under the Policy.

23. On January 13, 2013, the three-member panel in the Arbitration issued its Award. In its January 2013 Award, the panel found that the *specific documents* that were submitted to National Union prior to the issuance of the Award did not constitute a Claim as that term is defined in the Policy. The Search Warrant Affidavit was under the Court's sealing order and not available at the time of the panel's January 2013, Award, and therefore was not one of the *specific documents* considered by the panel in the Arbitration or in the panel's January 2013 Award.

### THOMAS FARMER'S INDICTMENT AND ACQUITTAL

24. In February 2013, after the panel issued its January 2013 Award in the Arbitration, Mr. Farmer was presented with a written offer to enter into a plea agreement in connection with the Department of Justice Investigation, which was followed by an indictment returned March 21, 2013 by a federal grand jury in San Juan, Puerto Rico charging Mr. Farmer with alleged participation in an antitrust conspiracy.

25. Although National Union agreed to treat the Department of Justice Investigation as a Claim under the Policy as of February 18, 2013, and to advance Mr. Farmer's Defense Costs incurred after that date, National Union has persisted in refusing to reimburse Mr. Farmer's Defense

Costs incurred prior to February 18, 2013, which were paid by Crowley and total more than $2.5 million (after satisfaction of the applicable retention).

26. On May 8, 2015, after a three week trial, Mr. Farmer was acquitted of the criminal antitrust charges brought against him by the Department of Justice.

### THE SEARCH WARRANT AFFIDAVIT IS MADE AVAILABLE AND NATIONAL UNION CONTINUES TO REFUSE TO REIMBURSE DEFENSE COSTS

27. Following Mr. Farmer's acquittal, the Search Warrant Affidavit was made available to Crowley for the first time and Crowley then provided National Union with a copy of the Search Warrant Affidavit.

28. The Search Warrant Affidavit, which is dated April 16, 2008, plainly establishes that a Claim was made against Mr. Farmer as of April 16, 2008.

29. Although the recent availability of the Search Warrant Affidavit establishes that the facts and conditions have changed since the Arbitration, National Union nevertheless wrongfully refuses to reimburse Crowley for the Defense Costs paid in connection with Mr. Farmer's individual defense against the Department of Justice Investigation prior to February 18, 2013.

### COUNT I
### (BREACH OF CONTRACT)

30. Crowley incorporates by reference and re-alleges paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31. National Union owes Crowley in excess of $2.5 million in Defense Costs that Crowley paid on behalf of Mr. Farmer in connection with his individual defense, which National Union refused to pay or otherwise wrongfully withheld under the Policy.

32. Pursuant to the Policy, National Union is required to reimburse Mr. Farmer's Defense Costs incurred in connection with his defense of the Department of Justice Investigation.

33. National Union has breached its contractual obligations by virtue of its failure to reimburse Defense Costs.

34. As a direct and proximate result of National Union's breach, Crowley has been denied the benefits of the insurance coverage that it purchased pursuant to the Policy and has incurred damages in an amount exceeding $2.5 million.

35. National Union unreasonably withheld its written consent to the Defense Costs paid by Crowley and/or has waived or is estopped or is otherwise precluded by operation of law from asserting any right to consent to Defense Costs.

36. Crowley has satisfied its obligations under the Policy, including but not limited to the payment of premiums, timely notice, and payment of any required retention, except insofar as performance of such obligations has been excused and/or waived by National Union or is otherwise subject to avoidance by operation of law.

37. Crowley is entitled to recovery of its attorneys' fees and costs incurred herein pursuant to Fla. Stat. §627.428.

WHEREFORE, Crowley respectfully prays that this Court:

    A. Award Crowley its damages in an amount to be proven at trial;

    B. Award Crowley prejudgment and post-judgment interest on its damages in the full amount permitted by law;

    C. Award Crowley its attorneys' fees and costs in this action in an amount to be proven at trial, pursuant to Fla. Stat. §627.48 or other law; and

D.     Award Crowley such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Crowley hereby demands trial by jury as to all issues in this action so triable.

Dated: August 8, 2016

          John D. Shugrue (Pro Hac Vice to be filed)
          Email: jshugrue@reedsmith.com
          Thomas A. Marrinson (Pro Hac Vice to be filed)
          Email: tmarrinson@reedsmith.com
          Emily E. Garrison (Pro Hac Vice to be filed)
          Email: egarrison@reedsmith.com
          REED SMITH LLP
          10 South Wacker Drive, 40th Floor
          Chicago, IL 60606-7507
          Telephone: (312) 207-1000
          Facsimile: (312) 207-6400

          Attorneys for Crowley Maritime Corporation

          LAW OFFICES OF CHARLES B. LEMBCKE, P.A.

          By: _____
          Charles B. Lembcke
          Florida Bar No. 140285
          Email: cbl@cbllaw.com
          1300 Riverplace Blvd., Suite 605
          Jacksonville, Fl 32207
          Telephone: (904) 355-5467
          Facsimile: (904) 633-9328

Attorney for Crowley Maritime Corporation